UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

KEVIN PARSONS,

                 Plaintiff,

        v.

THE CITY OF NEW YORK, JOHN DOE #1
EMERGENCY SERVICES UNIT and JOHN DOE
#2 EMERGENCY SERVICES UNIT,

                 Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**<u>MEMORANDUM & ORDER</u>**
17-CV-2707 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Kevin Parsons, proceeding *pro se*, commenced the above-captioned action

pursuant to 42 U.S.C. § 1983 against the City of New York and two unnamed Emergency

Services Unit ("E.S.U") officers, alleging that Defendants violated his federal constitutional

rights. (Compl., Docket Entry No. 1.) Plaintiff's application to proceed *in forma pauperis* is

granted. For the reasons discussed below, the Court dismisses the claims against the City of New

York, allows Plaintiff's claims against the officers to proceed and grants Plaintiff leave to file an

amended complaint within thirty (30) days of this Memorandum and Order as to the City of New

York.

    **I.**   **Background**

      For the purpose of this Memorandum and Order, the Court assumes the truth of the

factual allegations in the Complaint. On November 2, 2014, a fight broke out between inmates

in Plaintiff's housing unit, prompting E.S.U. officers to intervene.[1] (Compl. 6.)[2] Plaintiff was asleep and the officers woke him, told him to get out of bed and to get dressed, and threatened that if he did not comply, he would be sprayed with "mace." (*Id.*) After the officers strip-searched Plaintiff, he asked if he could put on his clothing. (*Id.*) "The E.S.U. officers looked at each other and nodded to one another and [m]aced [Plaintiff] for asking a question without any order not being done." (*Id.* at 7.) Plaintiff suffered burning in his eyes, face, and skin and received no medical attention for his injuries, which required him to "wash his face and body in the sink of [his] cell" to alleviate the pain. (*Id.* at 7–8, 10.) Plaintiff asserts that these actions violated his rights under the Fourth and Eighth Amendments. (*Id.*) Plaintiff seeks unspecified money damages.[3] (*Id.* at 9–10.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] At the time of the alleged events and the filing of the Complaint, Plaintiff was incarcerated. (*See* Compl. 2 (noting that Plaintiff was incarcerated at the Ogdensburg Correctional Facility at the time he filed the Complaint).) Plaintiff has subsequently been released from custody and placed on supervised release. *See* New York Department of Corrections and Community Supervision Inmate Lookup, http://nysdoccslookup.doccs.ny.gov/G CA00P00/WIQ1/WINQ000 (last visited June 19, 2017).

[2] Because the Complaint and attachments are not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system (ECF).

[3] Plaintiff filed two prior civil actions in this court related to incidents that occurred in his housing unit on August 11, 2014 and October 14, 2014. Those cases remain pending before the Court. *See Parsons v. Gallagher*, No. 17-CV-365 (answer filed and awaiting further action); *Parsons v. City of New York*, No. 17-CV-1765 (dismissed by the Court *sua sponte* but granting Plaintiff leave to file an amended complaint).

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff's section 1983 claims

Plaintiff asserts that Defendants violated his federal constitutional rights under the Eighth Amendment, which are cognizable claims under section 1983.[4]

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting

---

[4] Although Plaintiff also alleged that the officers' actions violated his Fourth Amendment protection against the use of excessive force, because Plaintiff was incarcerated at the time of the events at issue, he only has a cause of action under the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34, 36–39 (2010) (holding that the Eighth Amendment standards apply to a prisoner's Fourth Amendment excessive force claim); *Bonilla v. Jaronczyk*, 354 F. App'x 579, 581 (2d Cir. 2009) (holding that "post-conviction excessive force claims . . . are properly considered under the Eighth Amendment" (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989))).

42 U.S.C. § 1983).  To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

### i.    Plaintiff states plausible claims for relief against the officers

Plaintiff alleges that the officers violated his Eighth Amendment right to be protected against cruel and unusual punishment when, despite Plaintiff's compliance with the officers' orders, they sprayed him with mace and subsequently denied him medical treatment for the burns to his eyes, face and skin.  (Compl. 6–7, 9–10.)  The Court construes the allegations to assert two separate Eighth Amendment claims: (1) the officers used excessive force, and (2) the officers were deliberately indifferent to Plaintiff's serious medical needs.

 "The Eighth Amendment protects prisoners from cruel and unusual punishment by prison officials."  *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  A prisoner bringing an Eighth Amendment claim must allege (1) "that the defendant acted with a [] sufficiently culpable state of mind," and (2) "that the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions."  *Id.* (internal quotation marks omitted) (quoting *Hudson v. McMillan*, 503 U.S. 1, 8 (1992)).

### 1.    Plaintiff states a plausible excessive force claim against the officers

Plaintiffs states a plausible claim against the officers for excessive force.  Plaintiff alleges that after he had complied with the officers' orders, they sprayed him with mace, which caused his eyes, face and skin to burn and he was unable to alleviate the pain.  (Compl. 6–7.)

For an Eighth Amendment excessive force claim, "[t]he subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantoness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (citations and internal quotation marks omitted). "[T]he test for wantoness is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (citations omitted). "Accordingly, determining whether officers [subjectively] used excessive force necessarily turns on the need for the force used." *Id.* at 64. "The objective component of the [] test is also context specific, turning upon contemporary standards of decency." *Id.* (citations and internal quotation marks omitted). A prisoner satisfies the objective component "even if [he] does not suffer serious or significant injury, as long as the amount of force used was not *de minimis*." *Id.* (citations and internal quotation marks omitted).

Here, Plaintiff states a plausible claim for excessive force because he alleges that the officers sprayed him with mace without provocation, and he suffered injuries as a result. Courts in this Circuit have repeatedly held that a prison official's use of mace or chemical spray against a compliant prisoner satisfies both the subjective and objective elements of an Eighth Amendment excessive force claim; the subjective element is satisfied in such cases because spraying a complaint prisoner with mace cannot be characterized as an attempt to maintain or restore discipline, and the objective element is satisfied where a prisoner alleges that he suffered injuries beyond the immediate discomfort that results from being sprayed with mace. *See Al-Bukhari v. Semple*, No. 16-CV-1428, 2017 WL 2125746, at *4 (D. Conn. May. 16, 2017) (finding that a prisoner stated an Eighth Amendment excessive force claim because he alleged that the officers, *inter alia*, "sprayed him with a harmful chemical agent, even though [he] had

not been resisting their efforts to escort him out of the cell"); *West v. City of New York*, No. 13-CV-5155, 2014 WL 4290813, at \*4 (S.D.N.Y. Aug. 28, 2014) (finding that a prisoner's allegations that a correctional officer "sprayed him with mace" for taking a shower, which resulted in "difficulty breathing, severe itching and burning and skin irritation" stated an Eighth Amendment excessive force claim because the spraying lacked "any legitimate purpose" and the prisoner suffered injuries from the spraying); *Mattison v. Decker*, No. 10-CV-0504, 2012 WL 398812, at \*6 (N.D.N.Y. Jan. 11, 2012) (finding that a prisoner stated an Eighth Amendment excessive force claim where four officers, *inter alia*, sprayed him with mace while attempting to transfer the prisoner to administrative segregation and the prisoner alleged that he was compliant during the transfer and suffered injuries as a result of the officers' conduct); *Medina v. Gonzalez*, No. 08-CV-1520, 2009 WL 400639, at \*2 (S.D.N.Y. Jan. 9, 2009) (finding that a prisoner stated an Eighth Amendment excessive force claim because the "factual allegations provide[d] sufficient details to show that he suffered pain and injury, and, though the plaintiff did not surrender his slippers to the correction officer immediately, the use of a chemical agent . . . do[es] not appear to qualify as force applied in a good-faith effort to maintain or restore discipline" (citation and internal quotation marks omitted)); *cf. Perez v. City of New York*, No. 17-CV-366, 2017 WL 684186, at \*3 (E.D.N.Y. Feb. 21, 2017) (finding that a prisoner failed to state an Eighth Amendment excessive force claim because the correction officers sprayed him with mace "to restore order during the course of a prison disturbance"); *Reeder v. Hogan*, No. 09-CV-520, 2013 WL 2632600, at \*5 (N.D.N.Y. June 11, 2013) (dismissing a prisoner's Eighth Amendment excessive force claim where he alleged that he was sprayed with mace and suffered injuries as a result because the "defendants' actions indicate that their use of chemical agents was in response to [a] perceived threat [as] [the] plaintiff aggressively refuse[d] to comply")

(adopting report and recommendation); *Brown v. Banks*, No. 06-CV-14304, 2008 WL 3833227, at *1 (S.D.N.Y. Aug. 14, 2008) (finding that a prisoner's Eighth Amendment claim likely would not succeed because he alleged that "after he disobeyed an order to remove his jacket, the defendants sprayed him with mace").

Plaintiff alleges that after he had complied with the officers' orders, they sprayed him with mace, which caused his eyes, face and skin to burn and he was unable to alleviate the pain. Because Plaintiff's allegations show that the officers sprayed him with mace without any "good-faith effort to maintain or restore discipline" and Plaintiff appears to have suffered injuries beyond the immediate discomfort attributable to being sprayed with mace, Plaintiff states a plausible Eighth Amendment excessive force claim. *See Harris*, 818 F.3d at 63; *West*, 2014 WL 4290813, at *4.

### 2. Plaintiff states a plausible claim against the officers for deliberate indifference to serious medical needs

Plaintiff states a plausible claim against the officers for deliberate indifference to serious medical needs. Plaintiff alleges that the officers sprayed Plaintiff with mace, which caused Plaintiff's eyes, face and skin to burn, and subsequently denied him any medical treatment, which forced Plaintiff to "wash his face and body in the sink of [his] cell." (Compl. 7.)

To establish a claim of deliberate indifference to serious medical needs, a prisoner must show that (1) he had objectively "serious medical needs," and (2) this condition was met with subjective "deliberate indifference" on the part of the defendants. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle*, 429 U.S. at 104). The subjective component requires the prisoner to show that at the time of the alleged incident, "the [defendants were] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "The objective component requires that

the alleged deprivation [of medical treatment] must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (citation and internal quotation marks omitted).

Plaintiff's allegations satisfy the subjective element, as they establish that the officers were aware of a substantial risk of serious harm but nevertheless failed to provide him with access to medical treatment. *See Al-Bukhari*, 2017 WL 2125746, at *4 (finding that a prisoner stated an Eighth Amendment claim for deliberate indifference to serious medical needs because he alleged that he was suffering from "pain as a result of being sprayed with a chemical agent and the staff repeatedly denied his requests for an adequate shower to clean himself and decontaminate the agent"); *West*, 2014 WL 4290813, at *5 (finding that a prisoner stated an Eighth Amendment claim for deliberate indifference to serious medical needs because after a correction officer sprayed him with mace, "she and other corrections officers left him in the shower for approximately two hours").

In addition, Plaintiff's allegations that the mace caused burning to his eyes, face and skin satisfy the objective element — that he suffered from serious medical needs. Injuries or pain resulting from being sprayed with mace sufficiently establish the existence of a serious medical need deserving of medical attention. *See Al-Bukhari*, 2017 WL 2125746, at *4 (finding that a prisoner established the existence of a serious medical need because he alleged that he was suffering from "pain as a result of being sprayed with a chemical agent"); *West*, 2014 WL 4290813, at *5 (finding that a prisoner established the existence of a serious medical need where he was sprayed with mace, which resulted in "difficulty breathing, severe itching and burning, and skin discoloration"); *Ramos v. Quiros*, No. 11-CV-1616, 2012 WL 4501673, at *2–3, 6 (D. Conn. Sept. 27, 2012) (finding that a prisoner established the existence of a serious medical need

where he alleged he was sprayed with mace and subsequently denied medical treatment); *Santos v. N.Y.C. Dep't of Correction*, No. 08-CV-8790, 2010 WL 1142066, at *10–11 (S.D.N.Y. Feb. 25, 2010) (finding that a prisoner established the existence of a serious medical need where he was sprayed in the face with a fire extinguisher, which caused pain in his face and left eye).

Accordingly, Plaintiff states a plausible claim against the officers for deliberate indifference to serious medical needs.

### ii. Plaintiff fails to state a claim against the City of New York

Plaintiff alleges that the City of New York is liable for the officers' actions, but fails to allege that the officers' actions were the result of an unconstitutional policy or custom. (Compl. 1, 3, 6–10.)

A municipality like the City of New York can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). An official municipal policy and or custom may be: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's

"express" or "tacit" ratification of low-level employee's actions). Because Plaintiff fails to allege that the officers' actions were the result of an unconstitutional policy or custom attributable to the City of New York, the Court dismisses Plaintiff's claims against the City of New York for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### iii. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order that identifies the unconstitutional policy or custom that caused the alleged violation of his constitutional rights. Plaintiff is advised that the amended complaint will completely replace the original complaint. Therefore, Plaintiff must include in the amended complaint the allegations against the officers. Plaintiff is further advised that the amended complaint must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will dismiss the claims against the City of New York with prejudice for the reasons set forth above.

## III. Conclusion

The claims against the officers may proceed, and the Court dismisses the claims against the City of New York for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court shall mail a copy of this Memorandum and Order and the Complaint to the Corporation Counsel of the New York City Law Department. The Court hereby orders Corporation Counsel to attempt to ascertain the full names and the badge numbers of the John Doe E.S.U. officers who were involved in the alleged events on November 2, 2014. Corporation Counsel shall provide this information to the Court within forty-five (45) days of the date of this Memorandum and Order. Once Corporation Counsel has provided the requested information for the officers,

the Clerk of Court is directed to amend the docket to reflect that information and to issue summonses against the officers. The United States Marshals Service is directed to serve the officers once summonses are issued.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 19, 2017
       Brooklyn, New York