UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

KEVIN PARSONS,

                Plaintiff,           **MEMORANDUM & ORDER**
                                                               17-CV-365 (MKB) (JO)

       v.

DEPUTY WARDEN GALLAGHER, CAPTAIN
TAIWAH, CORRECTION OFFICER EDWARDS

                Defendants.

---------------------------------------------------------------

KEVIN PARSONS,

                Plaintiff,           17-CV-1765 (MKB) (JO)

       v.

THE CITY OF NEW YORK, DEPUTY WARDEN
GALLAGHER and CAPTAIN MAWIAH,

                Defendants.

---------------------------------------------------------------

KEVIN PARSONS,

                Plaintiff,           17-CV-2707 (MKB) (JO)

       v.

THE CITY OF NEW YORK, JOHN DOE # 1
EMERGENCY SERVICES UNIT and JOHN DOE
# 2 EMERGENCY SERVICES UNIT,

                Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Kevin Parsons, proceeding *pro se*, commenced the above-captioned actions pursuant to 42 U.S.C. § 1983 against Defendants the City of New York, and various government employees on January, March, and May of 2017, respectively, alleging violations of his

constitutional rights under the Fourth and Eighth Amendments. *See Parsons v. Gallagher*, No. 17-CV-365 ("January Action," Compl., Docket Entry No. 1); *Parsons v. City of New York*, No. 17-CV-1765 ("March Action," Compl., Docket Entry No. 1); *Parsons v. City of New York*, No. 17-CV-2707 ("May Action," Compl., Docket Entry No. 1). On June 19, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis* in the May Action. (*See* May Action, Memorandum and Order dated June 19, 2017, Docket Entry No. 7.) A copy of the order granting *in forma pauperis* status was mailed to Plaintiff's last known address but returned as "not deliverable" on July 5, 2017. (Mail Returned dated July 5, 2017, May Action, Docket Entry No. 8.) On August 22, 2017, Magistrate Judge James Orenstein ordered the City of New York's Office of Corporation Counsel, an interested party in the January Action, to provide the Court with Plaintiff's last known address by September 5, 2017. (Order dated August 22, 2017, January Action.) The Office of Corporation Counsel complied on August 24, 2017. (Letter dated August 24, 2017, January Action, Docket Entry No. 30.) On August 29, 2017, Judge Orenstein ordered Plaintiff to provide the Court with a current address no later than September 19, 2017 or that he would be deemed to have abandoned all three cases. (Order dated August 29, 2017, January Action, Docket Entry No. 31; March Action, Docket Entry No. 9; May Action, Docket Entry No. 9.) Plaintiff has not responded. On October 19, 2017, Defendants in the January Action filed a motion to dismiss for failure to prosecute. (Defs. Mot. to Dismiss, January Action, Docket Entry No. 32.)

By report and recommendation dated October 24, 2017, Judge Orenstein recommended that the Court dismiss the complaints in each of the three actions for failure to prosecute ("R&R," January Action, Docket Entry No. 33; March Action, Docket Entry No. 10; May Action, Docket Entry No. 10.) A copy of the R&R was served on Plaintiff on October 24, 2017. (Certificate of Service dated October 26, 2017, January Action, Docket Entry No. 34.) No party

2

has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court dismisses all three actions for failure to prosecute.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 6, 2018
      Brooklyn, New York